IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>V.<br><br>DAVID OLIVERAS-VILLANUEVA<br><br>Defendant | Criminal No.17-00013 (FAB) |

MOTION FOR DESIGNATION OF EVIDENCE PURSUANT
TO RULE 12(b)(4)(B) OF THE FED. R. OF CRIM. PROCEDURE

TO THE HONORABLE COURT:

Comes now defendant David Oliveras Villanueva through the undersigned counsel and very respectfully states, alleges and prays:

1. Defendant is charged, a one count Indictment for a violation of 18 U.S.C. §1001(a) (2).

3. As the government itself acknowledges it has disclosed the following discovery:

    a. Criminal History

    b. FBI 302 Bergollo

    c. FBI 302 Bravo

    d. FBI 302 Oliveras 2

    e. FBI 302 Oliveras

    f. Oliveras statements

    g. Phone information

    h. POPR Interview

i. Route sheet

  j. Oliveras interview.wmv (video)

  k. Claro Cell Towers Returns

Additional legible copies of telephone logs were also provided latter.

4. In its discovery letters the government states that *"The United States intends to use at trial the above listed discovery materials and information contained therein, the United States hereby designates such materials and information in accordance with Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure."*

5. Discovery in this case although not voluminous, consists of alleged statement by defendants, telephone logs and a route sheet.

## MEMORANDUM OF LAW

Rule 12(b) (4) (B) of the Federal Rules of Criminal Procedure states:

> *Rule 12(b)(4)(B)-DESIGNATION OF EVIDENCE*
>
> *(4) Notice of the Government's Intent to Use Evidence.*
> *(A) At the Government's Discretion. At the arraignment or as soon afterward as practicable, the government may notify the defendant of its intent to use specified evidence at trial in order to afford the defendant an opportunity to object before trial under Rule 12(b)(3)(C).*
> *(B) At the Defendant's Request. At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.[1]*

This Rule allows a defendant to *"request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16."* The purpose of this section of Rule 12 is to

*"**insur[e] that a defendant knows of the government's intention to use evidence to which the defendant may want to object.**" Fed. R. Crim. P. 12 Advisory Committee Note to 1974 Amendment. [emphasis added]. Compliance with such a defense request is mandatory: "the government, either on its own or in response to a request by the defendant**, must** notify the defendant of its intent to use certain evidence to give the defendant an opportunity before trial to move to suppress that evidence." Fed. R. Crim. P. 12, Notes of the Committee on the Judiciary to 1975 Enactment, Amendments Proposed by the Supreme Court, H.R.Rep. No. 94-247 (emphasis added); see also Advisory Committee Note to 2002 Amendment (in explaining renumbering and reorganization of subparts of the Rule, stating that "[t]he Committee believed that [old Rule 12(d)], which addresses the government's requirement to disclose discoverable information for the purpose of facilitating timely defense objections and motions, was more appropriately associated with the pretrial motions specified in Rule 12(b)(3).") United States v. Anderson, 416 F. Supp. 2d (DDC 2006); United States v. Norman, 2005 WL 2739082, at \*2 (S.D.Ill.2005) ("the government is obligated to comply with both Rule 16 and Rule 12(b)(4)(B).").*

The Rule addresses at least three principal procedural issues that arise in most criminal cases: First, it avoids unnecessary suppression motions because the defendant can avoid filing to suppress evidence the Government does not intend to use. *United States v. Smith,* 277 Fed.Appx. 187 (C.A.3 2008) citing, 1A Charles Alan Wright, Federal Practice & Procedure § 197 (2007); *United*

---

[1] The 2002 amendments replaced former Rule 12(d)(2) with Rule 12(b)(4)(B).

*States v. de la Cruz-Paulino*, 61 F.3d 986, 993-94 (1st Cir.1995); *United States v. Anderson*, 416 F.Supp.2d 110, 112 (D.D.C.2006). Second, it helps the conduct of trials by not interrupting it with suppression motions. *United States v. Cruz-Paulino*, 61 F.3d at 994. Third, it helps the parties to know well before trial what evidence-in-chief is admissible, permitting plea discussions, limiting trial time and the possibility of a mistrial or reversal on appeal through use of tainted evidence. [See *Fed R.Crim. P. 12(d) 1975 advisory comm*]; *United States v. Smith,* 277 Fed.Appx. at 191.

Although not mandated in the Rule as a reason why the government must designate its evidence in-chief, the reality is that designation of evidence in-chief by the government also permits the litigation of *In Limine* and other substantive motions well ahead of trial, which permits better management of the proceedings.

Under Rule 57(b), of the Federal Rule of Criminal Procedure the court has inherent authority to regulate procedural matters well beyond the scope of the federal rules as long as they are consistent with those rules. *United States v. Edelin*, 134 F.Supp.2d 45, 48 (D.D.C. 2001). (*"A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."); United States v. Jackson,* 508 F.2d 1001(C.A.7 1975); *United States v. Vilar,* 530 F.Supp.2d 616 (S.D.N.Y.2008).

The long held custom of the U.S Attorney's Office in this district to include in its discovery letters a general designation under Rule 12 of all evidence produced pursuant to the requirements of Rule 16 discovery does not

comply with Rule 12 and First Circuit law. *United States v. de la Cruz-Paulino*, 61 F.3d at 993. *("To the extent that the government's open files contain information that is subject to Rule 16 discovery, Rule 12(d)(2) [now Rule 12(b)(4)(B) ] creates a notice requirement.* **The open file policy does not, in and of itself, satisfy this notice requirement because it does not specify which evidence the government intends to use at trial. Providing open-file discovery does not satisfy [Rule 12(b)(4)(B)] because the defendant is still left in the dark as to exactly what evidence, discoverable under Rule 16, the government intends to rely upon in its case in chief at trial.");* ("*…unless the government intends to offer every single item in question as an exhibit in presenting its affirmative case at trial, any assertion that it will "use all of the materials provided" is simply not credible".)* (Emphasis added).

Nor is the defense requesting an exhibit list from the government. All we request is what the Rule provides, that the government designates which specific evidence it proposes to use in its case in-chief against defendant.

WHEREFORE, we respectfully request the Court to Order the government to designate the specific evidence it proposes to use in its case in-chief against defendant.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this May 2, 2017.

**CERTIFICATE OF SERVICE**: I hereby certify that on May 2, 2017, I electronically filed the foregoing motion with the Clerk of the Court using the

CM/ECF system which will send notification of such filing to AUSA Seth Erbe (seth.a.erbe@usdoj.gov).

*s/juan r. acevedo-cruz*
**JUAN R. ACEVEDO-CRUZ** (120701)
ATTORNEY FOR DEFENDANT
DAVID OLIVERAS VILLANUEVA
SUITE 501-A
BANCO COOPERATIVO PLAZA
623 AVE. PONCE DE LEON
SAN JUAN PR 00917
TEL. (787) 751-2341
FAX. (787) 751-2795
Email: jr@jracevedo.com