**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff | |
| V. | Criminal No.17-00013 (FAB) |
| DAVID OLIVERAS-VILLANUEVA | |
| Defendant | |

**REQUEST FOR RECONSIDERATION OF ORDER DENYING
HEARING REGARDING JURY INSTRUCTIONS**

TO THE HONORABLE COURT:

Comes now defendant David Oliveras-Villanueva through the undersigned counsel and very respectfully states, alleges and prays:

1. Defendant filed a proposed jury instruction regarding the essential elements of the crime charged under 18 U.S.C. §1001 [Dkt. No. 67] and the government has also filed a proposed jury instruction including one regarding the essential elements of 18 U.S.C. §1001 [See Dkt. No. 72-1 at page 14].

2. Since there are obviously important differences in the jury instructions submitted we requested the court to resolve these differences before opening statements. [docket 80] The court denied our request. [docket 81]

4. Traditionally in false statements penalized under both 18 U.S.C. §1001 and § 1035 the element of willfulness was defined as "deliberately and with knowledge" and that proving that the defendant knew making the false statement was illegal was not required. *United States v. Russell*, 728 F.3d 2392 (CA 1 2013); *United States v. Ajoku*, 718 F.3d 882 (9th Cir.2013).

5. That interpretation changed. In both *Russell* and *Ajoku* in the petitions

for certiorari before the Supreme Court, the Solicitor General argued that **"knowingly and willfully" means that "a jury must conclude 'that [the defendant] acted with knowledge that his conduct was unlawful'" and that "[t]he same interpretation should apply to 18 U.S.C. § 1001's materially identical prohibition on 'knowingly and willfully' making a false statement in a matter within the jurisdiction of the federal government."**, *Ajoku v. United States*, 134 S. Ct. 1872 (2014), Br. in Opp. at 11-15; *Russell v. United States  134 S.Ct. 1872 (2014),* Br. in Opp. at 7-11. [*emphasis added*] The Solicitor General asserted that the circuits are divided on this interpretation of § 1001. Id. The Supreme Court remanded both cases "for further consideration."

6. Clearly, a correct jury instruction must state that:

> "A false statement is made "knowingly and willfully" if the defendant knew that it was false that is, the defendant acted deliberately and with knowledge both that the statement was untrue **and that his conduct was unlawful.**"

7. The government's proposed jury instruction does not comply with the requirement as to the essential element of  "knowingly and willfully" as now accepted by the Solicitor General.

8. It is fundamental for defendant's right to a fair trial, effective assistance of counsel and due process of law to understand the Court's position regarding this issue before opening statements. Although jury instructions are usually left for a charging conference after conclusion of the evidence, in this case fairness requires that defendant knows the Court's

decision before defendant can decide how to proceed with his defenses.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this August 8, 2017.

**CERTIFICATE OF SERVICE**: I hereby certify that on August 8, 2017, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to AUSA Seth Erbe (seth.a.erbe@usdoj.gov).

s/juan r. acevedo-cruz
**JUAN R. ACEVEDO-CRUZ** (120701)
ATTORNEY FOR DEFENDANT
DAVID OLIVERAS VILLANUEVA
SUITE 501-A
BANCO COOPERATIVO PLAZA
623 AVE. PONCE DE LEON
SAN JUAN PR 00917
TEL. (787) 751-2341
FAX. (787) 751-2795
Email: jr@jracevedo.com